Filed 8/14/26  Kumar v. Waecker CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DEVINDER KUMAR, | B349001 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV34405) |
| v. | |
| MARK WAECKER et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge.  Reversed.

Law Offices of Jason A. Pollack and Jason A. Pollack for Plaintiff and Appellant.

Richard D. Rome for Defendants and Respondents.

\* \* \* \* \* \*

A doctor sued the attorney who represented his patient in a personal injury action, seeking to recover for the medical services he rendered to the patient pursuant to a lien on the settlement

proceeds in the personal injury action. After litigating the merits of the case for over two years, the attorney moved for summary judgment, arguing not only that the undisputed facts warranted judgment in his favor on the merits, but also that the doctor individually lacked standing to bring the claims because he treated and billed the patient exclusively through his medical corporation. The doctor opposed the summary judgment motion and filed a motion to amend the complaint to add the medical corporation as a plaintiff, and add a cause of action for conversion arising out of the same underlying facts. The trial court denied the motion to amend and granted summary judgment in favor of the attorney, finding there were triable issues of fact on the merits but that the doctor as an individual lacked standing to sue on behalf of his medical corporation.

We agree the doctor lacked standing to sue thereby justifying the trial court's order granting summary judgment and the entry of judgment against the doctor. But the doctor should have been permitted (either before or after granting summary judgment) to amend the complaint because the proposed amendments were not prejudicial to the attorney's case. We reverse the order denying leave to amend the complaint and affirm the judgment against the doctor in his individual capacity.

**FACTS AND PROCEDURAL BACKGROUND**

I.     **Facts**

A.     ***The collision and personal injury action***

In July 2020, Alyssa Vernon was injured in an automobile accident. She retained defendants Mark Waecker and his professional corporation Mark Waecker APC (collectively, Waecker) to represent her in a personal injury action against the driver of the other vehicle.

2

At the time of the accident, Vernon had been a patient of plaintiff Dr. Devinder Kumar for many years. Following the accident, she continued seeing Dr. Kumar for pain management. Dr. Kumar treated Vernon through his medical corporation Devinder Kumar, M.D., Inc., which does business as "Ultimate Pain Management."

**B.     *The lien***

In September 2020, Dr. Kumar sent Waecker a document titled "Personal Injury Lien," which provided for "the above provider" to be paid for the medical services rendered to Vernon "from any settlement judgment or verdict" in the personal injury action ("the lien"). The lien is on letterhead listing "Ultimate Pain Management" and "Devinder S. Kumar MD" at the top. It contains signature lines for both Waecker and Vernon.

Waecker signed and returned the lien to Dr. Kumar's office in September 2020. However, Vernon subsequently told Waecker that she preferred Dr. Kumar to continue billing her medical insurance instead of placing a lien on her recovery in the personal injury action.

**C.     *The settlement***

Based on Vernon's preference, Waecker negotiated a settlement in the personal injury action without relying on any billing records from Dr. Kumar's office. In April 2021, the personal injury action settled for $100,000.

Approximately two months later, Dr. Kumar sent Waecker a version of the lien purportedly signed by Vernon and requested that Waecker pay Vernon's medical bills totaling $41,500 from the settlement proceeds. Dr. Kumar also provided claim forms detailing Vernon's treatment, each of which lists "Devinder Kumar, MD Inc." as the "billing provider."

3

Waecker reviewed the lien with Vernon, who disputed the authenticity of the signature and maintained that she never granted Dr. Kumar a lien on her settlement proceeds. Accordingly, Waecker responded, "We do not have a signed lien and therefore, our relationship does not require me to pay you for your medical services."

## II.    Procedural History

### A.    *The complaint*

On October 26, 2022, Dr. Kumar filed a complaint against Waecker asserting causes of action for breach of contract, fraud, breach of fiduciary duty, constructive trust, declaratory relief, and injunctive relief.  Each claim was based on the allegations that Waecker failed to pay Dr. Kumar the value of Vernon's medical services in contravention of the lien.  The first paragraph of the complaint defines the plaintiff, "Dr. Devinder Kumar, MD," as "an individual[] and Doctor" who "brings this action in his professional capacity."

### B.    *Discovery*

Dr. Kumar provided Waecker with copies of Vernon's medical bills and records on July 21, 2023.  On January 21, 2025—less than a month before the discovery cut-off—Waecker noticed Dr. Kumar's deposition.  The deposition took place on February 20, 2025, but Dr. Kumar's counsel terminated it early to seek a protective order after objecting to the questioning of Waecker's attorney.  Waecker then filed a motion in limine seeking to exclude testimony from Dr. Kumar on several topics that Waecker did not have an opportunity to ask Dr. Kumar about during his deposition.  He later withdrew that motion without prejudice.

4

The court held a final status conference on March 6, 2025, and set a non-jury trial date of July 21, 2025.

### C. *The summary judgment motions*

On March 21, 2025 and March 25, 2025, respectively, Waecker and Dr. Kumar filed competing motions for summary judgment. Both parties argued that the undisputed facts entitled them to judgment as a matter of law. Waecker also argued that Dr. Kumar lacked standing to pursue the claims individually because the medical bills were issued by Dr. Kumar's medical corporation, Devinder Kumar, M.D., Inc.

### D. *The motion for leave to amend the complaint*

On April 29, 2025, Dr. Kumar filed a motion for leave to amend his complaint. He sought to make two substantive amendments: (1) to change the plaintiff from "Dr. Devinder Kumar MD" to "Devinder Kumar, M.D., Inc., A Business Entity, and Devinder S. Kumar, A Medical Doctor, Individually" and "[a]mend Paragraph 1" with new proposed language defining the plaintiff accordingly; and (2) to add a cause of action for conversion based on Waecker "taking possession of the full settlement proceeds without withholding the amount sufficient to pay the [p]laintiffs' [l]ien, preventing [p]laintiff from having the ability to collect the lien from settlement proceeds, and refusing to pay or negotiate the lien after demand by the [p]laintiff." He included a declaration from his attorney explaining that the name change amendment "was not made earlier as it was believed that such amendment was unnecessary" until "[d]efendants' filing a Motion for Summary Adjudication challenging the [p]laintiffs' name," and that "[d]uring the course of researching the law on this case," his attorney learned the facts "already . . . alleged" supported a claim for conversion. He

5

also attached a proposed first amended complaint, which included the changes set forth above.

In opposition, Waecker argued that Dr. Kumar failed to comply with California Rules of Court, rule 3.1324's (Rule 3.1324) requirements that the motion identify the amendments "by page, paragraph, and line number" and that the supporting declaration specify "when the facts giving rise to the amended allegations were discovered or the reasons why the request was not made earlier." (Underscoring omitted.) Waecker also argued that Dr. Kumar's delay in seeking amendment was prejudicial because the case was on the eve of trial, and the proposed amendments "would require [d]efendants to conduct discovery and bring a new summary judgment motion." The only specific additional discovery Waecker identified was the categories of information he did not get the chance to depose Dr. Kumar on "since [p]laintiff's counsel improperly terminated Dr. Kumar's deposition."

### E.     *The trial court's ruling on the motion for leave to amend the complaint*

At the May 23, 2025 hearing on the motion for leave to amend, the trial court noted that it was "a very close call" and asked Waecker "to talk about prejudice to your client, if any." Waecker responded that it was "extremely prejudicial" because he would "need to take a deposition to ask Dr. Kumar to explain that situation to understand who is the proper plaintiffs, if both or maybe the corporation."

That day, the trial court denied Dr. Kumar's motion for leave to amend his complaint, reasoning that (1) Dr. Kumar's motion failed to comply with Rule 3.1324's requirements; (2) Dr. Kumar unjustifiably delayed bringing the motion; and (3) leave to amend would "severely prejudice" Waecker because "[a]dding a

6

new claim and a new [p]laintiff would require [d]efendants to conduct discovery and bring a new summary judgment motion."

### F. *The trial court's ruling on the motions for summary judgment*

After holding a hearing on both parties' motions for summary judgment on June 10, 2025, the trial court granted summary judgment in favor of Waecker on June 11, 2025. The trial court analyzed the evidence both parties submitted and found "triable issues as to the substance of [p]laintiff's claims," but "no evidence to support a reasonable inference that [p]laintiff has standing, as an individual, to pursue claims on behalf of a Devinder Kumar, M.D., Inc., a corporate entity."

The trial court also reiterated its May 23, 2025 ruling that denial of leave to amend was proper because "[p]laintiff's delay in seeking to amend the named [p]laintiff in this action was unreasonable, especially considering the 7/21/2025 trial date, discovery closed 2/17/2025, and [p]laintiff walked out and ended his deposition when asked about how much he accepts on medical lien settlements."

### G. *The related complaint*

On June 10, 2025, "Devinder Kumar, M.D., Inc." filed a complaint against Waecker in Case Number 25STCV16731, asserting causes of action for breach of contract, fraud, breach of fiduciary duty, constructive trust, and conversion based on the same facts underlying this action. The trial court found that case to be related to the present one on July 21, 2025.

### H. *The motions for reconsideration*

Dr. Kumar moved for reconsideration of the trial court's order granting summary judgment on June 13, 2025, and for reconsideration of the trial court's order denying leave to amend

7

on June 17, 2025.  He argued the trial court's rulings rested on an untrue and un-briefed premise—namely, "that [p]laintiff walked out and ended his deposition when asked about how much he accepts on medical liens."  The trial court held a combined hearing and denied Dr. Kumar's motions for reconsideration on August 13, 2025, clarifying that "both rulings would have been the same without the information (true or untrue) about [p]laintiff's conduct at the deposition," which was not a "determinative factor" and amounted to "purely the equivalent of dicta."

    **I.**    ***The judgment and appeal***

The trial court entered judgment in favor of Waecker on August 13, 2025, and Dr. Kumar filed a notice of appeal the same day.

**DISCUSSION**

**I.**    **The Trial Court Properly Granted the Summary Judgment Motion Against Dr. Kumar Based on Lack of Standing**

We review a trial court's order granting summary judgment de novo.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860.)  A trial court properly grants summary judgment if the moving party can establish the action has "no merit" and he is "entitled to a judgment as a matter of law."  (Code Civ. Proc., § 437c, subds. (a), (c).)  A defendant is entitled to summary judgment if the undisputed facts establish "that there is a complete defense to the cause of action."  (*Id.*, subd. (p)(2).)  One such defense is lack of standing.  (*Sherwyn v. Department of Social Services* (1985) 173 Cal.App.3d 52, 58 ["'It is elementary that a plaintiff who lacks standing cannot state a valid cause of action'"].)  To have standing, a plaintiff must be the real party in

interest—that is, the party who has been injured by the defendant's conduct. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031-1032; Code Civ. Proc., § 367.) Generally, where a corporation's interests are harmed, it is the corporation who has standing to sue; "'a shareholder may not recover individually for injury to the corporation.'" (*Hilliard v. Harbour* (2017) 12 Cal.App.5th 1006, 1013.)

Here, it is undisputed that Dr. Kumar treated Vernon solely through his medical corporation Devinder Kumar, M.D., Inc. All of the bills he submitted list "Devinder Kumar, M.D., Inc." as the "billing provider," and the lien underlying each of Dr. Kumar's claims is on letterhead for "Ultimate Pain Management," which is the fictitious name under which Devinder Kumar, M.D., Inc. does business. Accordingly, it is Devinder Kumar, M.D., Inc. who has standing to enforce the lien and recover for the services rendered, not Dr. Kumar individually. The trial court properly granted summary judgment against Dr. Kumar on this basis.

Dr. Kumar offers three arguments in support of his claim that the trial court erred in granting summary judgment.

First, Dr. Kumar argues that because the lien's letterhead lists "Devinder S. Kumar MD" under "Ultimate Pain Management," there is a triable issue of fact as to whether he individually has standing to enforce the lien, and the trial court's conclusion that he did not was a result of "improperly weigh[ing the] evidence." This argument lacks merit. It is undisputed that Dr. Kumar's name is listed under "Ultimate Pain Management" on the lien, but it is also undisputed that he was the only doctor who provided care at Ultimate Pain Management. The only reasonable conclusion supported by the evidence is that Dr.

9

Kumar treated and billed Vernon through his medical corporation, and it is therefore the medical corporation who has standing to recover for the services rendered.

Second, and for the first time in his reply brief, Dr. Kumar raises the issue of judicial estoppel. He argues that because Waecker filed a demurrer in the subsequent, separate action brought by Devinder Kumar, M.D., Inc., arguing for application of res judicata based on the outcome of the present action and the premise that both actions involve "the same parties," Waecker is judicially estopped from arguing Dr. Kumar lacked standing here. We need not consider this argument since Dr. Kumar raised it for the first time in his reply brief. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 158.) In any event, the argument lacks merit because judicial estoppel "prevents a party from asserting a position in a judicial proceeding that is contrary or inconsistent with a position *previously* asserted in a *prior* proceeding" (*International Engine Parts, Inc. v. Feddersen & Co.* (1998) 64 Cal.App.4th 345, 350, italics added)—not to invalidate a trial court's ruling based on a position taken in a *subsequent* lawsuit.[1]

---

[1] Dr. Kumar requests that we take judicial notice of several documents from case number 25STCV16731—the lawsuit filed against Waecker by Devinder Kumar, M.D., Inc. Because the complaint and order finding that case to be related to this one are already contained in the clerk's transcript, we deny the request as to the first two exhibits as duplicative. (See *Steshenko v. Board of Trustees of Foothill-De Anza Community College Dist.* (2025) 112 Cal.App.5th 1300, 1310.) The request, as it relates to the remaining documents, is denied because they have no bearing on our review of the trial court's orders. (See *The Retail Property*

Third and finally, Dr. Kumar argues that by referencing Dr. Kumar "walking out of his deposition" in the order granting summary judgment, the trial court's order amounts to an improper terminating discovery sanction. However, the trial court clarified in its order on the motion for reconsideration that it "did not grant summary judgment in reliance on [this] comment." Moreover, because our review is de novo and there is an independent legal basis justifying the trial court's order, the trial court's comments are irrelevant to our analysis.

## II.     The Trial Court Abused Its Discretion by Denying Leave to Amend

Although the trial court properly concluded Dr. Kumar lacked standing, it abused its discretion by denying leave to amend the complaint.[2]

### A.     *Legal standard*

"The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or

---

*Trust v. Orange County Assessment Appeals Bd. No. 1* (2026) 119 Cal.App.5th 1177, 1185.)

[2]      As we explain, we hold the trial court erred by denying leave to amend before it properly granted summary judgment against Dr. Kumar. We recognize, alternatively, the trial court could have granted summary judgment against Dr. Kumar then permitted leave to amend before judgment was entered. (*California Central Airlines v. Fritz* (1959) 169 Cal.App.2d 436, 437–438 [plaintiff may be allowed to amend the complaint following an order granting summary judgment to cure the absence of standing]; see also *Prue v. Brady Co./San Diego, Inc.* (2015) 242 Cal.App.4th 1367, 1384 [amendment permitted after summary judgment was granted but before judgment was entered].)

proceeding by adding or striking out the name of any party. . . ." (Code Civ. Proc., § 473, subd. (a)(1).)  Courts are to exercise this authority liberally, "'in favor of . . . disposition of a case upon its merits.'"  (*Klopstock v. Superior Court of San Francisco* (1941) 17 Cal.2d 13, 22 (*Klopstock*); see *Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 487 (*Magpali*) ["courts are bound to apply a policy of great liberality in permitting amendments to the complaint at any stage of the proceedings, up to and including trial"].)  We review the trial court's denial of a motion for leave to amend the pleadings for abuse of discretion.  (*Foroudi v. The Aerospace Corp.* (2020) 57 Cal.App.5th 992, 1000.)

Where a plaintiff who lacks standing seeks to amend the complaint to add a plaintiff who has standing, courts "liberally" allow such amendments, as long as doing so does not "'give rise to a wholly distinct and different legal obligation against the defendant.'"  (*Foundation for Taxpayer & Consumer Rights v. Nextel Communications, Inc.* (2006) 143 Cal.App.4th 131, 136; *Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 243 (*Branick*).)  Where the defendants were "fully apprised since the filing of the original complaint of the facts which are relied upon to state a right to relief against them," permitting amendment to substitute a plaintiff without standing with a plaintiff who has standing is appropriate.  (*Klopstock*, *supra*, 17 Cal.2d at p. 21.)  Indeed, denial of leave to amend in such circumstances is an abuse of discretion.  (*Foundation for Taxpayer & Consumer Rights*, at p. 136 [holding it was an abuse of discretion to deny leave to amend to add a plaintiff with standing after Proposition 64 deprived the existing plaintiffs of standing where the new plaintiff "allege[d] the same misconduct originally alleged"].)

Likewise, where a plaintiff seeks to amend a complaint to add a new cause of action at any point in the proceedings—even during trial—courts freely allow such an amendment if it is "'based upon the same general set of facts as those upon which the cause of action or defense as originally pleaded was grounded.'" (*Garcia v. Roberts* (2009) 173 Cal.App.4th 900, 910 (*Garcia*).)  Unless permitting an amendment to add a new cause of action would raise ""'new and substantially different issues,'"" such amendments "'are favored since their purpose is to do justice and avoid further useless litigation.'" (*Id.* at p. 909, italics omitted.)  Courts may deny leave to amend where adding a new cause of action would prejudice the opposing party by, for example, requiring that the court delay trial to permit additional discovery.  (E.g., *Magpali*, *supra*, 48 Cal.App.4th at pp. 486-487; *P&D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal.App.4th 1332, 1345 (*P&D Consultants*).)  But "'[w]here a party is allowed to prove facts to establish one cause of action, an amendment which would allow the same facts to establish another cause of action is favored, and a trial court abuses its discretion by prohibiting such an amendment when it would not prejudice another party.'" (*South Bay Building Enterprises, Inc. v. Riviera Lend-Lease, Inc.* (1999) 72 Cal.App.4th 1111, 1124.)

In sum, it is an abuse of discretion to deny leave to amend "where the opposing party was not misled or prejudiced by the amendment." (*Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045, 1048 (*Kittredge Sports*).)

**B.**   *Analysis*

Here, the trial court abused its discretion by denying Dr. Kumar the opportunity to amend his complaint to add Devinder Kumar, M.D., Inc. as a plaintiff and to add a cause of action for

13

conversion. The effective replacement of Dr. Kumar with Devinder Kumar, M.D., Inc. would not "'give rise to a wholly distinct and different legal obligation against'" Waecker, who has been "fully apprised" of the facts giving rise to liability since Dr. Kumar filed the original complaint. (*Branick*, *supra*, 39 Cal.4th at p. 243; *Klopstock*, *supra*, 17 Cal.2d at p. 21.) Likewise, the conversion claim is "'based upon the same general set of facts'" (*Garcia*, *supra*, 173 Cal.App.4th at p. 910)—namely, that the lien obligated Waecker to pay for the medical services Vernon received from Dr. Kumar out of the settlement proceeds and that he failed to do so. (See *Plummer v. Day/Eisenberg, LLP* (2010) 184 Cal.App.4th 38, 45 ["""The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages"""; "wrongfully withhold[ing] or disburs[ing] funds subject to" a lien may form the basis for conversion cause of action].) Permitting amendment would have promoted justice, efficiency, and the policy favoring resolution of matters on their merits. None of the trial court's reasons for denial warrant affirmance of the order.

First, the trial court reasoned that allowing leave to amend would "severely prejudice" Waecker because "[a]dding a new claim and a new [p]laintiff would require [d]efendants to conduct discovery and bring a new summary judgment motion." However, the new plaintiff and new cause of action sought to be added do not introduce any new issues into the case that would require additional discovery or a new summary judgment motion. Waecker does not point to any particular witness, testimony, or document that would be necessary to counter either the inclusion of Devinder Kumar, M.D., Inc. as a plaintiff or the cause of action

14

for conversion.  Rather, in the trial court, Waecker merely pointed to several categories of information he was unable to depose Dr. Kumar about because Dr. Kumar's attorney terminated the deposition early.  Waecker's inability to obtain that discovery was not connected to the proposed amendments; it was due to his own delay in deposing Dr. Kumar past the discovery cut-off, and his failure to file a motion to compel or to reopen discovery to obtain the testimony he sought.  Waecker also claimed he would need to conduct further discovery to understand whether Dr. Kumar, the corporation, or both were the correct plaintiffs.  In light of our holding that—as Waecker himself argued—the undisputed facts establish Devinder Kumar, M.D., Inc. is the proper plaintiff, we see no occasion for any additional discovery on that issue.

On appeal, Waecker merely argues that he is "entitled to pursue discovery and determine if the new entity was in compliance with corporate requirements."  But the corporation's compliance or noncompliance with statutory requirements would not alter Waecker's duty to the corporation pursuant to the lien. (See *California Physicians' Service v. Aoki Diabetes Research Institute* (2008) 163 Cal.App.4th 1506, 1514-1517 ["illegality in . . . form of business organization does not negate . . . contractual obligation"].)  And as for the argument that the amendments required trial to be delayed for another round of summary judgment motions, the trial court already found there to be triable issues of fact on the merits of the claims.  Requiring Waecker to defend against those claims at trial against Devinder Kumar, M.D., Inc. rather than against Dr. Kumar individually would not have been prejudicial to Waecker's case.

Second, the trial court reasoned that Dr. Kumar's delay in seeking leave to amend the complaint justified denial of the motion. Although there is caselaw for the proposition that "'"'unwarranted delay . . . may—of itself—be a valid reason for denial'"'"" of a request to amend the pleadings (*Green v. Rancho Santa Margarita Mortgage Co.* (1994) 28 Cal.App.4th 686, 692; *P&D Consultants, supra*, 190 Cal.App.4th at p. 1345; *Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 177), each of those cases involve prejudice to the opposing party caused by the delay (*Green*, at p. 692 [amendment "would interject a new issue which requires further discovery"]; *P&D Consultants*, at p. 1345 [same]; *Melican*, at p. 176 [amendment would "present a 'moving target'"]). We decline to decouple the broad language of these cases from their facts, particularly in light of the authority holding it is an abuse of discretion to deny amendment "where the opposing party was not misled or prejudiced by the amendment." (*Kittredge Sports, supra*, 213 Cal.App.3d at p. 1048.)

Third, the trial court reasoned that Dr. Kumar's motion did not comply with Rule 3.1324's requirements that the motion state the "page, paragraph, and line number" where the amendments are sought to be added and that the supporting declaration specify "[w]hen the facts giving rise to the amended allegations were discovered" and "why the request for amendment was not made earlier." (Cal. Rules of Court, rule 3.1324(a)(3), (b)(3)-(4).) Although Dr. Kumar did not identify the specific paragraph and line number of each amendment, his motion specified that it sought to "[c]hange[] the [p]laintiff," "[a]mend[] Paragraph 1 to clarify the roles of the parties," and "[a]dd[] a cause of action for Conversion as the Seventh Cause of Action," and he included the

16

specific language he sought to add for each change. This fully apprised Waecker and the court of the changes he sought to make. Likewise, his attorney's supporting declaration specified that the amendment changing the plaintiff "was not made earlier as it was believed that such amendment was unnecessary" until "[d]efendants' filing a Motion for Summary Adjudication challenging the [p]laintiffs' name" and that the legal theory of conversion arose "[d]uring the course of researching the law on this case." Under these circumstances, Rule 3.1324 was not a valid basis for rejecting Dr. Kumar's motion.

In sum, because Waecker would not be prejudiced or misled by an amended complaint substituting the proper plaintiff and adding a legal theory supported by the same set of facts originally alleged, the trial court erred in denying leave to amend.

**DISPOSITION**

The order denying leave to amend is reversed.  The judgment against Devinder Kumar, as an individual, is affirmed.  The case is remanded to the trial court for further proceedings consistent with this opinion.  Each party is to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

KUMAR, J.*

We concur:

BAKER, Acting P. J.

KIM (D.), J.

---

*     Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.